## MICHAELIS *et al.* v. ROESSLER *et al.*

(*Circuit Court, D. New Jersey.* January 18, 1888.)

1. PATENTS FOR INVENTIONS—EXTENT OF CLAIM—PROCESS FOR MANUFACTURING CHLOROFORM.

The second claim of letters patent No. 322,194, of July 14, 1885, to Gustavus Michaelis, for "the manufacture of chloroform and purified acetates," is as follows: "The production of chloroform from the liquid products resulting from the decomposition of crude acetates at high temperatures by subjecting said liquid products to the action of a hypochlorite, and removing the chloroform therefrom by distillation, substantially as described." The patent contained no reference to the color or degree of crudeness of the acetates, and stated that the brown acetates were preferable for the purpose. *Held*, the gray acetates being distinguishable, as respects crudeness, from the brown only in a slight degree, that they were embraced in the term "crude acetates."

2. SAME—INFRINGEMENT.

Gray acetates being embraced in the term "crude acetates," as used in the second claim of letters patent No. 322,194, of July 14, 1885, to Gustavus Michaelis for "the manufacture of chloroform and purified acetates," their use in the production of chloroform in combination with a method of distillation substantially the same as that described in the Michaelis patent is an infringement thereof.

3. SAME—VALIDITY—INACCURACIES IN SPECIFICATIONS.

There being no room for doubt that Gustavus Michaelis (letters patent No. 322,194, of July 14, 1885) was the first to discover that chloroform could be advantageously obtained from the liquid products resulting from the decomposition of crude acetates of lime by the method of distillation described in the patent, and it being very clear that the production of chloroform was greatly cheapened by that discovery, the patent is not invalidated by the facts that

he was mistaken respecting the quantity of chloroform obtainable from acetones, (which were previously used for its production,) that he was probably in error as to the quantity that could be got from the higher boiling properties of ingredients of crude acetates, and that other statements contained in his specifications are inaccurate.

In Equity. Bill for infringement of letters patent No. 322,194, of July 14, 1888, to Gustavus Michaelis, assignor of one-half to William T. Mayer, for "the manufacture of chloroform, and purified acetates."

*Arnoux, Ritch & Woodford,* for complainants.

*Gifford & Brown,* for respondents.

Before McKENNAN and BUTLER, JJ.

PER CURIAM. This suit is for infringement of the second claim of complainants' patent, No. 322,194, dated July 14, 1885, for "the manufacture of chloroform, and purified acetates." The claim reads as follows:

"(2) The production of chloroform from the liquid products resulting from the decomposition of crude acetates at high temperatures, by subjecting said liquid products to the action of a hypochlorite, and removing the chloroform therefrom by distillation, substantially as described."

There is no room to doubt that the complainant was the first to discover that chloroform could be advantageously obtained from the liquid products resulting from the decomposition of crude acetate of lime, by the method of distillation described in the patent; and it is very clear that the production of chloroform was greatly cheapened by this discovery. Subsequent experiments have shown that the patentee was mistaken respecting the quantity of chloroform obtainable from acetones, (which were previously used for its production,) and that he was probably mistaken respecting the quantity obtainable from the higher boiling properties of ingredients of crude acetates, and that other statements contained in his specifications are inaccurate. These mistakes do not, however, affect the validity of the patent. Conceding them, the fact remains that he was the first to discover the process described of manufacturing chloroform from crude acetates of lime, and that this was a highly valuable discovery.

Does the respondent infringe? He uses the gray acetate, while the complainant uses the brown. The patent designates "crude" acetates, without reference to color or degree of crudeness, and states the brown to be preferable. This designation clearly includes the gray, which, as respects crudeness, is distinguishable from the brown only in a slight degree. Both are "crude" in the sense contemplated by the term, as employed in the patent. That the method of distillation used by the respondent is substantially the same as that described and used by the complainant seems clear.

A decree must be entered against the respondent for an injunction and an account.